Kenneth M. Sigelman, Esq. (SBN: 100238)
E-Mail: ken@sigelmanassociates.com
Andrew R. Chivinski, Esq. (SBN: 236861)
E-Mail: andrew@sigelmanassociates.com
Mark A. Birmingham, Esq. (SBN: 132008)
E-Mail: mark@sigelmanassociates.com
KENNETH M. SIGELMAN & ASSOCIATES
1901 1st Ave., 2nd floor
San Diego, California 92101
Telephone: (619) 238-3813
Facsimile: (619) 238-1866

Hamilton Arendsen, Esq. (SBN: 212844)
E-Mail: harendsen@arendsenlaw.com
ARENDSEN CANE MOLNAR LLP
550 West C Street, Suite 1150
San Diego, CA 92101
Telephone: (619) 535-3910
Facsimile: (619) 535-3920

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRV, a Minor, By and Through His Guardian ad litem, CRISTAL CAZARES VALENZUELA; and SONIA VALENZUELA PEREZ, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No. '21CV329 JLS KSC<br><br>**COMPLAINT FOR PERSONAL INJURIES**<br><br>Federal Tort Claims Act<br>28 U.S.C. Section 2671, *et seq.*<br>28 U.S.C. Section 1346(b), *et seq.*<br>28 U.S.C. Section 1367<br>28 U.S.C. Section 1402(b), *et seq.* |

COMES NOW plaintiffs, FRV, a Minor, By and Through His Guardian ad Litem, CRISTAL CAZARES VALENZUELA; and SONIA VALENZUELA PEREZ, Individually, and for causes of action against defendants, allege as follows:

///

///

1

# INTRODUCTION

1. The injuries and damages upon which this action is based occurred in the County of San Diego, State of California.

2. Plaintiff FRV is a minor, date of birth October 21, 2018. For the purposes of this action, CRISTAL CAZARES VALENZUELA, plaintiff FRV's sister, has been and/or will be appointed as the Guardian ad Litem for plaintiff FRV. Plaintiff FRV is a resident of the County of San Diego, State of California.

3. Plaintiff SONIA VALENZUELA PEREZ ("MS. PEREZ") is the mother of plaintiff FRV, a minor. MS. PEREZ was, at all times pertinent hereto, was and is a resident of the County of San Diego, State of California.

4. The Vista Community Clinic ("VCC") is, and at all times pertinent hereto was, a medical clinic located within the County of San Diego, State of California.

5. Melissa Hawkins, M.D. ("Dr. Hawkins") is, and at all times pertinent hereto was, a physician licensed to practice medicine and surgery by the State of California, employed by VCC.

6. At all times herein mentioned, defendant UNITED STATES OF AMERICA was, and now is, a sovereign entity. The UNITED STATES of AMERICA has deemed VCC and Dr. Hawkins to be federal employees for purposes of the Public Health Service Act ("PHSA"), 42 U.S.C. § 233. Section 233 of the PHSA provides medical malpractice liability coverage to deemed employees under the Federal Tort Claims Act "FTCA"), 28 U.S.C. §§ 2671, et seq. and 28 U.S.C. §§ 1346(b), et seq.

7. This Court has subject matter jurisdiction over this action under the provisions of the FTCA. Further, this court has supplemental jurisdiction over DOE defendants 1 through 20 in accordance with 28 U.S.C. § 1367.

8. On or about July 24, 2020, plaintiffs FRV and MS. PEREZ submitted administrative tort claims to the United States Department of Health and Human

2

Services ("DHHS"). DHHS has acknowledged that it received the claim on August 3, 2020. More than six months have elapsed since plaintiffs' administrative tort claims were received by DHHS. Plaintiffs have not been notified by DHHS of any final action taken by DHHS with regard to plaintiffs' administrative tort claims.

9. The residence and domicile of plaintiffs FRV and MS. PEREZ is, and at all times pertinent hereto was, within the County of San Diego, State of California, Southern District of California, in accordance with 28 U.S.C. § 1402(b).

10. The amount in controversy herein, exclusive of interest and costs, exceeds the sum of $10,000.00.

11. The true names and capacities, whether individual, corporate, associate, or otherwise of defendants DOES 1 through 10, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to show the true names and capacities when they have been ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the defendants designated herein as a DOE is legally responsible in some manner for events and happenings herein referred to and caused the damages herein alleged.

12. The acts and conduct herein alleged were performed by defendants, or agents and employees of defendants acting in the course and scope of said agency and employment and with the knowledge and consent of their co-defendants and each of them.

**FACTS RELEVANT TO ALL CAUSES OF ACTION**

13. On or about October 21, 2018, MS. PEREZ, a then 39 year-old, gravida 4, para 3 woman, presented to Labor and Delivery at Tri-City Medical Center ("Tri-City"), which is located in the City of Oceanside, County of San Diego, State of California. At that time, MS. PEREZ' pregnancy was at or around 38 weeks, 5 days gestation. She had received her prenatal care at VCC including, but not limited to, from Dr. Hawkins, and had been diagnosed with gestational diabetes type A2, and mild preeclampsia. Prior to October 21, 2018, she had been seen at VCC multiple

times that month in connection with her pregnancy. At or around 0730 on October 21, 2018, MS. PEREZ experienced a large gush of fluid, as a result of which she went to Tri-City. She was admitted to Labor and Delivery at or around 0800. Her attending obstetrician was Dr. Hawkins. Labor was initially induced with Cytotec and Pitocin was started four hours later, per Dr. Hawkins' orders. The fetal monitor tracing showed intermittent late decelerations. When MS. PEREZ progressed to 9.5 cm, she began to push and pushed to the point of exhaustion. At or around that time, the fetal heart rate tracing showed decreased variability and fetal tachycardia (rapid heart rate). Dr. Hawkins attempted a vacuum-assisted delivery unsuccessfully multiple times, from a high fetal station, resulting in pop-offs 4 or 5 times. Thereafter, shoulder dystocia was reportedly encountered. There was a delay of 6 minutes or longer between delivery of the baby's head and shoulders.

14.     By the time MS. PEREZ's son, Plaintiff FRV, was delivered at 2135, he was noted to be floppy and limp without spontaneous respirations. A large amount of meconium-stained amniotic fluid had to be suctioned from his oropharynx and stomach. Resuscitation efforts were initiated and FRV was transported to the Tri-City Neonatal Intensive Care Unit ("NICU"). He began having seizure activity in the NICU and was subsequently transferred to Rady Children's Hospital.

15.     Dr. Hawkins and/or other employees of VCC, in the course and scope of their employment with VCC, was negligent in her diagnosis, care, and treatment of plaintiffs on and/or before 10/21/18, including, but not limited to the following: (1) negligently failed to detect signs of fetal distress during labor; (2) negligently misinterpreted the fetal monitor tracing; (3) negligently failed to timely deliver FRV by performing a Cesarean section; and/or (4) negligently failed to recognize that a vacuum extraction could not be safely attempted from a high station. Further, Dr. Hawkins negligently attempted multiple times to perform a vacuum extraction, ignoring the contraindications and the succession of pop-offs. VCC is vicariously

liable for the negligence of Dr. Hawkins and/or any other employees who may have been negligent.

16. The negligence of Dr. Hawkins caused severe and permanent injuries to FRV and MS. PEREZ.

17. As a result of defendants' negligence, FRV suffered injuries, including, but not limited to, respiratory failure, hypoglycemia, seizures, brachial plexus injury, hypoxic/ischemic encephalopathy, intracerebral hemorrhage and/or permanent brain injury resulting in global neurologic cognitive and motor dysfunction.

18. As a result of defendants' negligence, MS. PEREZ suffered injuries, including, but not limited to, severe emotional distress and right leg weakness and numbness.

## FIRST CAUSE OF ACTION
### (Negligence)

19. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 18, herein above, as though set forth fully herein.

20. Defendants so negligently and carelessly diagnosed, cared for and treated, as well as negligently supervised the care and treatment of, plaintiffs FRV and MS. PEREZ, so as to cause plaintiffs to suffer severe injuries.

21. The negligence and carelessness of defendants including, but not limited to, as set forth more fully in Paragraphs 13 though 15 above, constituted a failure to use, and/or to insist upon the use of, that degree of skill and care ordinarily used by healthcare professionals engaged in the practice of their profession under the same or similar circumstances, and fell below the standard of care that would be exercised by reasonably careful healthcare practitioners practicing under the same or similar circumstances.

22. As a legal result of the negligence and carelessness of the defendants, plaintiff FRV suffered injuries, including, but not limited to, respiratory failure, hypoglycemia, seizures, brachial plexus injury, hypoxic/ischemic encephalopathy,

intracerebral hemorrage and/or permanent brain injury resulting in global neurologic dysfunction, and was hurt and injured in his health, strength, and activity, sustaining injuries to his body and shock and injury to his nervous system and person, all of which have caused, and continue to cause him permanent injury in his health and physical ability, and will cause plaintiff FRV mental, physical, and nervous pain and suffering, fright, grief, anxiety, and apprehension, all to his general damage in an amount in excess of $10,000.00.

23. As a legal result of the negligence and carelessness of defendants, plaintiff MS. PEREZ was hurt and injured in her health, strength, and activity, including, but not limited to, severe emotional distress and right leg weakness and numbness, sustaining injuries to her body and shock and injury to her nervous system and person, all of which have caused, and continue to cause plaintiff MS. PEREZ permanent injury in her health, and will cause plaintiff mental, physical, and nervous pain and suffering, fright, grief, anxiety, and apprehension, all to her general damage in an amount in excess of $10,000.00. MS. PEREZ suffered injuries including, but not limited to, as a direct result of the injuries to her son during labor and delivery, and, accordingly, has suffered damages as a result of the defendants' negligence and carelessness as part of the mother-child unit pursuant to *Burgess v. Superior Court* (1992) 2 Cal.4th 1064.

24. As a further legal result of the negligence and carelessness on the part of defendants, plaintiff FRV was permanently hurt and injured in his health and physical ability, thereby causing a loss of future earnings and earning capacity, all to his damage in an amount to be proven at the time of trial.

25. As a further legal result of the negligence and carelessness on the part of defendants, plaintiff FRV was permanently hurt and injured in his health and physical ability, thereby creating the need for care from the time of birth to the present, and in the future, including, but not limited to, medical, therapeutic, attendant

care, special educational, and life care needs, all to his damage in an amount to be proven at the time of trial.

**PRAYER**

WHEREFORE, plaintiffs pray judgment against defendant as follows:

1. For general and special damages as to plaintiffs FRV and MS. PEREZ in an amount to be proven at the time of trial;
2. For past and future medical and care expenses;
3. For future loss of earning capacity;
4. For pre-judgment interest as allowed by law;
5. For costs of suit incurred herein, and;
6. For such other and further relief as the court may deem just and proper.

Dated: February 22, 2021    KENNETH M. SIGELMAN & ASSOCIATES

By:   *s/Kenneth M. Sigelman*
      KENNETH M. SIGELMAN, ESQ.
      Attorney for Plaintiff
      E-mail: ken@sigelmanassociates.com